IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES,** | : | |
| | : | |
| v. | : | **CRIMINAL ACTION NO.:** |
| | : | |
| **RAYMOND HAYWOOD,** | : | **2:12-CR-0047-CDJ-1** |
| | : | |
| **Defendant.** | : | |

### ORDER

**AND NOW**, this 5th day of March, 2014, it is hereby **ORDERED** that defendant's petition, which this court has construed as a motion under 28 U.S.C. §2255, (Doc. No. 37), is **DENIED**.[1] A Certificate of Appealability **WILL NOT ISSUE**.

---

[1] Defendant waived his right to appeal or collaterally attack his sentence in a written guilty plea agreement with the government. (Doc. No. 17, at 4.) In this Circuit, waivers of appeal and rights to collaterally attack are enforceable "provided they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice. *U.S. v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008). Here, the court delivered a colloquy to defendant concerning the rights he was relinquishing by entering into the written plea agreement with the government. The court determined, based on his answers and demeanor, that his waiver was knowing and voluntary. Defendant nonetheless argues that his waiver works a miscarriage of justice because his counsel failed to argue that his prior conviction was not a crime of violence and, therefore, could not be used to determine whether defendant was a career offender for purposes of the sentencing guidelines. (Response, at 3-8.) In particular, he relies on *Descamps v. United States*, which he claims requires the court to find that his simple assault conviction was not a violent crime. 133 S.Ct. 2276 (2013).

The Court in *Descamps* determined that courts must do more than apply the "modified categorical approach" to determine whether a prior offense consisting of a "single, indivisible set of elements" was a violent felony for career offender status under the Sentencing Guidelines. *Id.* at 2281-82. In light of that holding, it subsequently remanded *United States v. Marrero* to the Third Circuit for further consideration of whether a simple assault conviction under 18 Pa.C.S.A. §2701(a)(1), the offense at issue here, qualified as a crime of violence. *Marrero v. United States*, 133 S.Ct. 2732 (2013). On remand, the Circuit Court determined that the modified categorical approach did apply and found that a conviction under 18 Pa.C.S.A. §2701(a)(1) qualifies as a violent crime for purposes of career offender status if, looking at the plea documents, the court determines that the defendant

BY THE COURT:

/s/ C. Darnell Jones, II  J.
C. DARNELL JONES, II   J.

---

knowingly or intentionally, but not recklessly, committed simple assault. *U.S. v. Merrero*, --- F.3d ----, 2014 WL 627649 (3d Cir. Feb. 19, 2014). Looking at the plea documents in this case, the court is unable to determine whether defendant committed simple assault with the required mental state. Nonetheless, defendant was sentenced prior to the Supreme Court's decision in *Descamps* and the Third Circuit's post-remand decision in *Marrero*. Therefore, his counsel's advice – not to object to his career offender status – does not appear to work a miscarriage of justice under a theory of ineffective assistance. Furthermore, despite the *Descamps* holding, the Third Circuit found it inapplicable to Pennsylvania's simple assault statute because the Pennsylvania law is a "divisible statute" and, therefore, the modified categorical approach does apply. *Id.* On the other hand, the Supreme Court in *Descamps* was faced with a statute containing a "single, indivisible set of elements," which required more than the modified categorical approach, so that case is inapposite here. 133 S.Ct. 2276 (2013). As such, there is no miscarriage of justice and defendant's motion will be **DENIED**. Because the court believes that no reasonable jurist would conclude otherwise, a certificate of appealability **WILL NOT ISSUE**.