**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | No. 12-cr-00047 |
| | : | |
| RAYMOND HAYWOOD, | : | |
| | : | |
| Defendant/Petitioner. | : | |
| | : | |

**<u>MEMORANDUM</u>**

**J. Younge**                                                                     **March 6, 2024**

**I.      INTRODUCTION**

Petitioner Raymond Haywood filed his Motion to Vacate, Set Aside or Correct the

Sentence pursuant to 28 U.S.C. § 2255 on August 27, 2019.  (ECF No. 58.)  The Court finds this

matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the

reasons stated in the following Memorandum, this Motion is Denied.

**II.     FACTUAL/PROCEDURAL BACKGROUND**

Petitioner was charged in a two-count indictment with interference with interstate

commerce by robbery in violation of 18 U.S.C. §§ 1951(a) and use of a firearm during a crime of

violence in violation of 18 U.S.C. § 924(c)(1).  *See* Indictment, ECF No. 2.  These charges

stemmed from a robbery that took place at 1920 Dining Commons at 3800 Locust Walk on the

campus of the University of Pennsylvania, Philadelphia, Pennsylvania. The restaurants located

there included Starbucks, Subway, The Uncommon Market, You-Reka, and Burger Stopin, all of

which engage in interstate commerce. The robbery took place in the presence of the employee,

who was forced to turn over money at gunpoint.  *See id.*  On May 29, 2012, the Petitioner pled

guilty to the Indictment (ECF No. 17). This plea agreement stated that the defendant understands

and agrees that for the robbery charged in the indictment, a firearm was used to facilitate its

commission; and further agrees and stipulates that in Count 2 of the Indictment, a firearm was

brandished.  (Guilty Plea Agreement, ECF No. 17, p.2.)  The Petitioner was sentenced to 180

months' imprisonment pursuant to Section 924(c)'s mandatory minimums.  *See* ECF No. 30.

On August 27th, 2019, Defendant filed a timely[1] Motion to Vacate, Set Aside, or Correct

the Sentence pursuant to 28 U.S.C. § 2255(a).  (ECF No. 34.)  This Motion challenges the

constitutionality of his convictions based on the Supreme Court holding in *Johnson v. United*

*States*, 576 U.S. 591 (2015) and requests that this Court vacate Petitioner's Section 924(c)

conviction and sentence.  *See* ECF No. 58.  The matter was stayed pending resolution of the

controlling issues by higher courts.  The Government filed its Response to Defendant's Section

2255 Motion on February 13, 2024.  (ECF No. 73.)

### III.    LEGAL STANDARD

A federal prisoner may move the court to vacate, set aside, or correct the sentence where

the sentence imposed was unconstitutional, imposed by a court that lacked jurisdiction, in excess

of the lawful maximum, or otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  The

wrongful application of a mandatory minimum sentence or other sentencing enhancements to

ineligible charges would constitute a violation of a criminal defendant's due process rights.  U.S.

Const. amend. V.

### IV.    DISCUSSION

A completed Hobbs Act robbery is a qualifying predicate offense for the application of

Section 924(c)'s mandatory minimum.  The Hobbs Act prohibits committing, attempting to

---

[1] There is a one-year limitations period that runs from "the date on which the right asserted was initially recognized by the Supreme Court."  28 U.S.C. § 2255(f)(3).  *Johnson v. United States*, the relevant benchmark case, was decided on June 26, 2015.  576 U.S. 591 (2015).

commit, or conspiring to commit robbery affecting interstate commerce.  18 U.S.C. § 1951(a).  A conviction for Hobbs Act robbery requires proof that the defendant took another's property unlawfully "by means of actual or threatened force," but the use of force is not required in convictions for attempted robbery or conspiracy to commit robbery.  18 U.S.C. §§ 1951(a)-(b).  Section 924(c)'s mandatory minimum sentences apply to persons brandishing a firearm during and in relation to 'crimes of violence.'  18 U.S.C. § 924(c)(1)(A).  A crime of violence, as defined in Section 924(c)'s elements clause, is one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  A crime of violence had been alternatively defined in Section 924(c)'s residual clause as "involv[ing] a substantial risk that physical force against the person or property of another may be used in the courses of committing the offense," a provision nearly identical to the residual clause of the Armed Career Criminal Act held to be unconstitutionally vague in *Johnson*.  18 U.S.C. § 924(c)(3)(B); 135 S. Ct. at 2557-59.  The Supreme Court subsequently invalidated the residual clause in Section 924(c).  *See Davis*, 139 S. Ct.

Following the invalidation of Section 924(c)'s residual clause, the Supreme Court determined that an *attempted* Hobbs Act robbery does not qualify as a predicate crime of violence for the purposes of Section 924(c)'s sentencing enhancements because it does not require proof of the use, or attempted use, of force.  *United States v. Taylor*, 142 S. Ct. 2015, 2021 (2022).  However, a *completed* Hobbs Act robbery remains a crime of violence under Section 924(c)'s surviving elements clause. *United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023).  The Third Circuit has joined with other Circuit courts in determining that the predicate crime, and whether it qualifies as a crime of violence, can be established by the factual record, including by examination of the "plea agreement and attendant factual proffer."  *Id.* at 112 (internal

quotations omitted).  Accordingly, defendants cannot avoid liability by arguing that they had

pled to the minimum conduct described in Section 1951(a) where the facts establish that there

was a completed robbery.  *Id.*

The factual record shows that Section 924(c) was properly applied to the Petitioner's

convictions.  The Petitioner pled guilty to 18 U.S.C. §§ 1951(a) involving interference with

interstate commerce by robbery and 18 U.S.C. § 924(c)(1) involving the use of a firearm during

a crime of violence. These constitute completed Hobbs Act robberies and are qualifying

predicate crimes for the application of Section 924(c)'s mandatory minimums.  *See id.*  As such,

this Court will not disturb the Petitioner's sentence. The defendant's motion also challenged his

status as a career offender; however, this argument is invalid under *Beckles v. United States*, 580

U.S. 256 (2017).


## V.   CONCLUSION

For the foregoing reasons, the Petitioner's Motion to Vacate, Set Aside, or Correct the

Sentence is Denied.

An appropriate Order follows.

**IT IS SO ORDERED.**


BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**